**In re DANIEL T.**

**No. 81–558–C.A.**

Supreme Court of Rhode Island.

June 16, 1982.

Dennis J. Roberts, II, Atty. Gen., Anthony F. Del Bonis, Sp. Asst. Atty. Gen., for petitioner.

Stone, Clifton & Clifton, Edward C. Clifton, Providence, for respondent.

OPINION

PER CURIAM.

This case comes before this court on an order to show cause why the appeal of the respondent, Daniel T., should not be dismissed. After reviewing the record and hearing arguments of counsel on May 6, 1982, we are of the opinion that cause has not been shown.

On the evening of June 10, 1981, three or four youths robbed Thomas Capotosto and Barbara Jones while they were sitting in a parked car in Roger Williams Park. One of the youths, subsequently identified as Daniel, stood on the passenger side of the car and held a knife to Jones's neck. The

youths took money and jewelry and then fled. The entire incident lasted about fifteen to twenty minutes.

Capotosto quickly notified a park policeman of the robbery, and shortly thereafter Daniel was apprehended by Sergeant Charles Potter of the Providence police department. Sergeant Potter brought Daniel back to the park where Capotosto and Jones were waiting in another police car. Sergeant Potter had Daniel stand in the beam of the other patrol car's headlights, facing Capotosto and Jones. The two victims then positively identified Daniel as the youth who had threatened Jones with a knife during the robbery. Both victims also identified Daniel at a Family Court hearing. A Family Court justice found Daniel delinquent for committing a robbery in violation of G.L.1956 (1981 Reenactment) § 11–39–1. Daniel is now before this court on appeal from that decision.

█ Daniel's claim on appeal centers on the preindictment showup during which he was first identified by Capotosto and Jones. Daniel argues that the absence of counsel at the showup tainted the victims' subsequent in-court identification.

In *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), the United States Supreme Court ruled that the explicit guarantees of the Sixth Amendment attach at the initiation of judicial criminal proceedings. In *State v. Delahunt*, R.I., 401 A.2d 1261 (1979), this court followed the holding in *Kirby*. Under our holding in *Delahunt*, Daniel's claim must fail.

█ We must also disagree with Daniel's claim that the showup was unconstitutionally suggestive. An examination of the totality of the circumstances surrounding the showup reveals that Daniel was not denied due process. *See State v. Delahunt*, R.I., 401 A.2d at 1265 (*citing Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)). The witnesses had sufficient opportunity to observe clearly their assailants during the robbery, and the victims' testimony indicates that particular attention was paid to the youth later identified as

Daniel. The reliability of the victims' identification is further supported by the fact that the showup took place very shortly after the robbery. *See Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411 (1972).

The respondent's appeal is denied and dismissed, the decision appealed from is affirmed, and the case is remanded to the Family Court.